**M.J. CHAMBERS, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 49S00-8705-CR-468.**

Supreme Court of Indiana.

Aug. 22, 1988.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A bench trial resulted in a conviction of appellant of Conspiracy to Commit Dealing in a Narcotic Drug, a Class A felony, for which he received a sentence of thirty (30) years with twenty (20) years suspended and ten (10) years executed.

The facts are: In January of 1986, Indianapolis Detective Tommie Terrell personally met with a known and reliable informant who gave him information that three black males were headed to Chicago in a 1977 blue Ford; the officer was also given its license number. The informant stated that the purpose of the trip was to purchase heroin in Chicago. Late in the evening on the same day this information was received, Detective Terrell had a telephone conversation with a known reliable informant in Chicago, who stated he had seen this same vehicle arrive at a house in Chicago which was known to be a drug distribution house.

Armed with this information, several police officers in separate automobiles conducted a surveillance along Interstate 65 near Zionsville, Indiana. At approximately 2:00 a.m., one of the officers spotted a car matching the description of the vehicle they were seeking. This vehicle was followed by police until it drove into Indianapolis and exited the interstate on the ramp leading to 30th Street. At that time, the officers stopped the vehicle. Two officers then exited their cars with one officer clearly displaying his badge to the occupants. However, the vehicle suddenly sped forward, requiring the police officer to jump out of its path.

Other officers at the scene pursued the vehicle and observed objects being thrown from the vehicle, including a powdery substance and containers which appeared to be plastic bags. After an approximately three-block chase, the vehicle was stopped for the second time, and the suspects and the vehicle were searched.

On the passenger side of the front seat, the officers found a bag containing a brown powdery substance which was later determined to be heroin. Upon searching the individuals, they found two small packets of heroin on Willie B. Williams. Neither of the other two subjects had any contraband on his person. Upon retracing the path of the chase, officers recovered a plastic bag containing heroin which had been thrown from the vehicle. The amount of heroin recovered from the individuals and the vehicle exceeded nine and one-half grams.

■ Appellant claims the trial court erred in not suppressing the evidence recovered in the searches of the vehicle and of Williams. He takes the position that there was not probable cause for the officers to stop and search the vehicle. However, in the case at bar, the initial information furnished by the known reliable informant was immediately checked and verified when it was learned that the described vehicle with three black male occupants did in fact arrive in Chicago at a known drug distribution house. The officers were informed by a reliable Chicago informant that the vehicle left the drug distribution house with the three black male occupants. This information was further borne out when the same vehicle with three black male occupants arrived in the Indianapolis area at a time consistent with the information furnished by the informants.

This situation closely parallels the one discussed by the Supreme Court of the United States in *Draper v. United States* (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. In discussing practical probabilities that Court stated:

" '[T]hey are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' (Citation omitted.) Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Id.* at 313, 79 S.Ct. at 333, 3 L.Ed.2d at 332.

Under the circumstances, the officers were justified in relying upon the verified

information they had from known reliable informants. *Adams v. Williams* (1972), 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612. The trial court did not err in refusing to suppress the evidence in this case.

Appellant claims there is insufficient evidence to support his conviction. Appellant first points out that none of the recovered heroin was found on his person and that no officer testified to having seen appellant throw any of the material from the moving vehicle. Appellant also points out he was the occupant of the back seat and that the narcotics found in the vehicle after the stop were in the front seat. He further points out that following the second stop he did not resist arrest, whereas the two men in the front seat did. He thus claims that the evidence shows no more than his presence in the vehicle and, at most, shows that he was merely present at the scene of the crime.

▮▮ He further claims there is no evidence that he entered into a conspiracy with the other two occupants of the vehicle for the purchase of narcotics for resale. As this Court has previously held, it is not necessary to present direct evidence of a formal express agreement between conspirators. Such intent may be inferred from circumstantial evidence alone, including overt acts of the parties in pursuance of the criminal act. *Survance v. State* (1984), Ind., 465 N.E.2d 1076.

▮▮ There is ample evidence in the case at bar from which the trier of fact could conclude that appellant was one of three individuals who left Indianapolis with the express purpose of purchasing drugs in Chicago with the intent to return to Indianapolis for the resale of those drugs. The finding of a conspiracy to resell is supported by the quantity of heroin involved in the purchase and transportation. Although the evidence in this case is circumstantial as to the conspiracy, it is ample to support the finding of the trial court. *See Williams v. State* (1980), 274 Ind. 94, 409 N.E.2d 571.

The trial court did not err in finding appellant guilty of conspiracy to commit dealing in a narcotic drug.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result with separate opinion.

DeBRULER, Justice, concurring in result.

The information supplied the officers by the Indianapolis informant was based upon a conversation which he had overheard. It was not therefore based upon his personal observation of non-verbal conduct. The information supplied by the Chicago informant was that he saw occupants of the car enter and leave a known drug distribution center and head for Indianapolis. This information, later verified in part by the officers' observations on the highway, did not I believe provide the officers with probable cause to make an arrest or to search the car, but was instead sufficient only to justify the initial investigatory stop of the car. *Elliott v. State* (1974), 262 Ind. 413, 317 N.E.2d 173. The subsequent conduct of appellant and his companions comprising the chase provided full probable cause. Furthermore, Officer Harvey testified at trial that he observed the man riding in the back seat lean out the window of the car and rip open bags and dump out powder. Chambers was identified as the passenger in the rear seat. This was sufficient along with the rest to put him in the conspiracy.