Willie B. WILLIAMS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8705–CR–469.

Supreme Court of Indiana.

Oct. 17, 1988.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

After a bench trial, appellant Willie B. Williams was convicted of possession of heroin with intent to deal, a class A felony, Ind.Code § 35–48–4–1(2) (Burns 1985 Repl.), and conspiracy to deal heroin, a class A felony, Ind.Code § 35–41–5–2 (Burns 1985 Repl.). The trial court sentenced Williams to concurrent thirty year terms and suspended six years because of his age.

Williams raises three issues on direct appeal:

I. Whether the warrantless search of Williams and the vehicle in which he was riding violated the Fourth Amendment;

II. Whether the trial court erred in denying Williams' motion for *in camera* questioning of the confidential informants; and

III. Whether the evidence is sufficient to support the convictions.

The evidence shows that on January 16, 1986, a confidential and reliable informant told Indianapolis Police Detective Tommie Terrell that three men were going to Chicago to buy heroin. Terrell later received a call from a Chicago informant that the men had entered and left a known drug distribution house and were heading toward Indianapolis. The informants gave Terrell the

make, color and license number of the suspect vehicle.

Terrell and several other police officers set up surveillance along Interstate 65 near Zionsville, Indiana. At approximately 1:30 a.m., the officers spotted the suspect vehicle heading south on I-65. The officers pursued and stopped the vehicle after it exited I-65 at Northwestern Avenue. When a police officer approached the car with his badge displayed, the driver, Victor O'Bannon, tried to run him over. The officer jumped out of the way and shot one of the vehicle's tires.

Police officers observed both passengers in the car, Williams and M.J. Chambers, tear open plastic bags full of brown powder and throw them out the window. O'Bannon drove his car off the road and stopped. Police arrested all three men and searched them for weapons. When police opened the car door, they discovered a two-gram package of heroin. One police officer also retrieved a 5.5-gram package of heroin which he had seen thrown from the car.

Detective Robert Fisher searched each subject. He found two packages of heroin totalling approximately nine grams in Williams' right front pocket.

### I. *Warrantless Search*

Williams argues that the trial court should have sustained his motion to suppress evidence found in the car. He asserts that the police had no search warrant and no probable cause or exigent circumstances to justify a warrantless search.

The constitutional validity of this same search was affirmed in the appeal of another participant in the crime. *Chambers v. State* (1988), Ind., 526 N.E.2d 1176. For reasons stated in that case, the evidence found in the car was admissible.

Additionally, Williams contends that Detective Fisher planted the heroin on him and therefore it should not be admissible. O'Bannon stated that he heard Williams tell Fisher not to plant any drugs on him, but that he never saw Fisher place any drugs in Williams' clothes. Fisher described the strip search in detail and denied placing any packages of heroin in Williams' clothing. The trial judge believed Fisher,

and we will not reweigh the conflicting testimony. The evidence found on Williams was admissible.

### II. *Confidential Informants*

Williams argues that the trial court erred in denying his request for an *in camera* interview of the confidential informants. He asserts that this decision violates his constitutional right to confront and cross-examine his accusers.

Williams has the burden to demonstrate an exception to the informant's established privilege to remain anonymous. To carry this burden, Williams must demonstrate that the identity of the informant or the content of his communication is relevant and helpful to Williams' defense or is essential to a fair determination of the cause. *Randall v. State* (1985), Ind., 474 N.E.2d 76.

In *Randall*, the informant's information alone did not constitute sufficient probable cause for the police to arrest. Further surveillance, however, as in the case at bar, revealed other facts sufficient for probable cause. We held that the defendant in *Randall* did not meet his burden of proof; balancing Randall's interests with the respective interests of the State did not mandate disclosure. *Id.*

Detective Terrell testified that revealing the identity of the informants would threaten their lives and render them useless to the police in the future. Williams did not show a more compelling interest and therefore did not meet his burden. The trial court did not err in denying Williams' request for an *in camera* interview of the informants.

### III. *Sufficiency of the Evidence*

As for the sufficiency of the evidence, Williams argues that the State did not prove intent to sell or an agreement between the co-defendants to sell heroin.

*Possession with Intent to Deliver.* The police found approximately two grams of heroin on the floor between the front passenger's seat and the door. Williams was riding in the front seat on the passenger's side. A police officer observed

Williams ripping open plastic bags and throwing them out the window during the chase. One officer retrieved a package of approximately 5.5 grams of heroin which he had seen Williams throw out the window. Furthermore, Detective Fisher found approximately nine grams of heroin in Williams' shirt.

Although Williams did not have actual possession of the heroin which the police found in the car and on the street, the evidence supports a finding that he was in constructive possession of both packages. Circumstances, such as throwing heroin out the window, point to Williams' knowledge of the nature of the controlled substances and his position in the car supports a finding of possession. *Davenport v. State* (1984), Ind., 464 N.E.2d 1302, *cert. denied*, 469 U.S. 1043, 105 S.Ct. 529, 83 L.Ed.2d 416. Furthermore, evidence of illegal possession of a relatively large quantity of heroin is sufficient to sustain Williams' conviction for possession with intent to deliver. *Meiher v. State* (1984), Ind., 461 N.E.2d 115.

■ *Conspiracy to Deal Heroin.* The requisite elements of a conspiracy are: 1) an agreement to commit a felony, 2) with the intent to commit the felony, and 3) an overt act in furtherance of the agreement. Ind.Code § 35–41–5–2. Williams argues that the State did not prove an agreement between the parties to deal heroin.

The parties in a conspiracy must come to an agreement, in the sense of a common purpose and understanding, to commit the intended felony. *Williams v. State* (1980), 274 Ind. 94, 409 N.E.2d 571. "It is sufficient if the minds of the parties meet ... to bring about an intelligent and deliberate agreement to commit the offense, even though the agreement is not manifest by any formal words." *Id.* at 96, 409 N.E.2d at 573. The agreement may be proven by circumstantial evidence, and it is not necessary that the State present direct evidence of a formal express agreement. *Perkins v. State* (1985), Ind., 483 N.E.2d 1379.

All three defendants drove to Chicago together. Police officers saw Chambers and Williams throw bags of heroin out of the car. When police searched the car, they found heroin on the floor. This evidence is sufficient to sustain Williams' conviction for conspiracy to deal heroin.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.