Orlester BEVERLY, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8712–CR–1181.

Supreme Court of Indiana.

Sept. 20, 1989.

Orlester Beverly, Michigan City, pro se.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Count I, Dealing in Heroin, a Class A felony, and Count III, Possession of Heroin, a Class C felony, which was incorporated into Count I. For his conviction under Count I, he received a sentence of fifty (50) years, which was enhanced by thirty (30) years due to a finding that he is an habitual offender, for a total sentence of eighty (80) years.

The facts are: On July 15, 1987, Detectives Kraeszig and Blackwell of the Indianapolis Police Department acted upon information supplied by a confidential informant and positioned themselves near appellant's apartment to observe his activities. They learned from the informant that appellant was in the process of moving a large quantity of drugs. They conducted surveillance and observed appellant and a man, woman, and child enter an apartment in the complex which was not appellant's. Appellant and the others then got into his car and left the complex. Police followed them, pulled the car over, and advised appellant that they were going to search his

apartment pursuant to their search warrant. When they arrived at his apartment, appellant let them in with his key, and he was read the search warrant and given his *Miranda* rights.

After appellant was advised of his rights, he stated that the drugs were on the table, that they belonged to him, and that the people who were with him had nothing to do with it. Inside a sack on the table were envelopes containing 522 bindles of heroin, weighing 35.5 grams which were 3.7 percent pure. Police also seized two plastic plates covered with cocaine residue and a set of scales which had on its pans cocaine residue. Also, two electric coffee grinders with heroin residue in them were seized, as well as eight bottles of quinine and packing materials.

In his *pro se* brief, appellant argues the trial court erred in denying his motion for continuance due to the unavailability of witnesses. On the first day of trial, he moved for a continuance for the purpose of procuring the testimony of the couple who were in the car at the time he was stopped. His motion stated that a Ms. Wilson, who was absent due to being stationed in Washington State in the National Guard, was prepared to testify that she was in appellant's apartment before they got in his car and were stopped by the police, and at that time, no drugs were in the apartment. Appellant asserts her testimony was vital to his case because it was the only evidence to rebut the affidavit for probable cause and the testimony of the police officers.

■ Indiana Code § 35–36–7–1 allows a continuance to be granted due to the absence of a witness, provided a motion is made five days prior to the commencement of trial and is supported by appropriate affidavits. Continuances not conforming to the statutory requirements may be granted within the sole discretion of the trial court. The denial of a motion for continuance is reversible only when the denial constitutes an abuse of discretion and the record demonstrates that the accused was prejudiced. *Clarkson v. State* (1985), Ind., 486 N.E.2d 501.

■ The record shows that the trial court denied appellant's motion for continuance made on the first day of trial because both parties had been given every opportunity to locate their witnesses prior to trial, and if his motion had been filed earlier, the trial court could have made a request to the National Guard that Wilson participate in the trial, if she were truly needed. Additionally, the police officers testified that Wilson was not in appellant's apartment prior to his arrest. We find no abuse of discretion or prejudicial error in denying appellant's motion for continuance made on the first day of trial.

Appellant contends the trial court should have granted his motion to suppress the evidence obtained from the search of his apartment. The affidavit for probable cause states that police received information from a confidential, credible, and reliable informant that cocaine and heroin were being stored and sold in appellant's apartment, and that it may be moved in a short time. The informant stated that he or she had been inside appellant's apartment within seventy-two (72) hours of the time in which the information was supplied to police. Appellant claims that the affidavit supporting the search warrant was based on unsubstantial and untruthful information because he was in Evansville during those seventy-two hours, so the informant could not have been in his apartment. Thus, the search was invalid, and the evidence obtained therefrom should have been excluded.

■ Probable cause to issue a search warrant does not require a demonstration of a *prima facie* showing of criminal conduct, nor does it require a demonstration that contraband will be found on the premises to be searched. Probable cause to issue a search warrant need only show there is a probability of criminal activity. The decision to issue a warrant should be based on the facts stated in the affidavit and the rational and reasonable inferences drawn therefrom. *Blalock v. State* (1985), Ind., 483 N.E.2d 439.

■ When an affidavit is based upon an informant's tip, the task of the magis-

trate is to simply make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Culver v. State* (1988), Ind.App., 519 N.E.2d 196, citing *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527. In reviewing an affidavit, this Court will not conduct a *de novo* review, but will ensure that the magistrate had a substantial basis for concluding that the affidavit established probable cause. *Culver, supra.*

In appellant's case, the affidavit stated that Officer Breen had good cause to believe that a controlled substance was being kept, used, and sold in appellant's apartment because the confidential informant stated he or she was inside appellant's apartment and observed cocaine being kept, used, and sold by appellant. The informant was known to Officer Breen to be a past user of cocaine and knows its appearance and the manner in which it is packaged for sale. The informant was said to be reliable because he or she provided information previously which resulted in at least three arrests with at least three seizures of controlled substances and convictions.

Considering the fact that this informant had supplied reliable tips several times in the past, that he or she had firsthand information about the activity inside appellant's apartment, that he or she was familiar with drug use and trade, and that time was of the essence, we find that the rational and reasonable inferences drawn from the affidavit support the conclusion that there was a fair probability that contraband or evidence of a crime was inside appellant's apartment. *Culver, supra.* Because the affidavit was sufficient, we find the evidence obtained from the search was properly admitted.

Appellant contends his motion to compel the identity of the confidential informant was erroneously denied. Appellant's motion stated that he was not in Indianapolis during the seventy-two hours preceding the date of the affidavit; thus the informant could not have been in his residence. He believes the disclosure was necessary for the fair determination of his case.

The general policy in Indiana is to prevent disclosure of an informant's identity unless the defense can demonstrate that disclosure is relevant and helpful or is necessary for a fair trial. Without anonymity, citizens would hesitate to communicate their knowledge of the commission of crimes to law enforcement officials. Because the State has the privilege to withhold the identity of an informant, the burden is upon the defendant seeking disclosure to demonstrate exception to the privilege that the informant remain anonymous. *Powers v. State* (1982) Ind., 440 N.E.2d 1096.

Appellant has failed to meet his burden of proof. In his motion, he challenges the ability of the informant to predict that drugs would be in his apartment. However, we stated above that it was proper to issue the search warrant based upon the informant's past performance in providing successful tips, and he or she again was able to supply police with valid information. The only involvement the informant had in appellant's case was the initial tip to police; the informant did not provide testimony at trial. We find that appellant's challenge to the ability of the informant to provide information does not demonstrate an exception to the rule maintaining an informant's anonymity. *Id.*

Appellant claims his motion for directed verdict should have been granted because the evidence was insufficient to support his conviction. He asserts that police only found drug paraphernalia in his apartment but no direct proof was established that he ever sold or intended to sell drugs.

If the evidence is sufficient to sustain a conviction on appeal, the denial of a motion for directed verdict cannot be error. In reviewing the sufficiency of the evidence, this Court will not reweigh the evidence or judge the credibility of the wit-

nesses. *White v. State* (1986), Ind., 495 N.E.2d 725.

■■■■ Upon review of cases in which the evidence is circumstantial, it is not necessary that every reasonable hypothesis of innocence has been overcome, but only that an inference which supports the jury verdict may be reasonably drawn. *Fassoth v. State* (1988), Ind., 525 N.E.2d 318. Evidence of the illegal possession of a relatively large quantity of drugs is sufficient to sustain a conviction for possession with intent to deliver. *Williams v. State* (1988), Ind., 529 N.E.2d 323. Considering the evidence of appellant's possession of a large quantity of drugs and the paraphernalia necessary to cut, package, and sell it, we find the evidence is sufficient to sustain his conviction.

Appellant argues his statement in which he told police the location of the drugs should not have been admitted at trial because he did not make the statement and he did not receive his *Miranda* warnings.

Officer Kraeszig testified that after they stopped appellant and escorted him and the couple into his apartment, he read to appellant the search warrant, and he was advised of his *Miranda* rights. Officer Kraeszig then testified that after appellant was read his rights, he stated that the dope was on the table and the couple with him had nothing to do with the drugs.

■■■■ Officer Blackwell's testimony corroborated that of Officer Kraeszig. He stated that upon taking appellant into custody, appellant said he needed to talk to him and that he had something to tell him, but appellant was told to be seated on the couch and was read his rights. The prosecutor asked Officer Blackwell whether, after appellant was admonished and waived his rights, he continued to speak to him. He replied that appellant then told them the drugs were on the table.

The record does not bear out appellant's contention that he made no inculpatory statements and that he did not receive his *Miranda* warnings. Because we have no basis for finding that his remarks were made involuntarily, we find no error in admitting them.

Appellant contends he was denied his constitutional right to confront the witnesses because the State failed to call Detective Breen as a witness. Detective Breen was the affiant of the probable cause affidavit for the search warrant.

■■■ The failure of the State to call a competent witness does not deny a defendant his constitutional right. *Shipp v. State* (1976), 265 Ind. 108, 350 N.E.2d 619. The State cannot be compelled to call witnesses at the instance of the accused. Appellant had the burden of seeing that witnesses who may have aided in his defense were called. *Denton v. State* (1965), 246 Ind. 155, 203 N.E.2d 539. We find no merit to his contention.

Appellant argues his conviction must be vacated because he was denied his constitutional right to a fair trial. He believes that because the same judge signed the probable cause affidavit and the arrest warrant, and he was the trial judge, he was not afforded a trial before a neutral and detached judge.

■■■■ The law presumes that a judge is unbiased and unprejudiced in matters which come before him. The record must show actual bias and prejudice against the defendant before a conviction will be reversed on the ground that the trial judge should have been so disqualified. *Smith v. State* (1985), Ind., 477 N.E.2d 857. Neither adverse rulings and findings by a trial judge nor the fact that he sentenced appellant in a previous trial is a sufficient reason to believe the judge has a personal bias or prejudice per se. *Lasley v. State* (1987), Ind., 510 N.E.2d 1340; *Thomas v. State* (1985), Ind., 486 N.E.2d 531. We find the fact that appellant's trial judge signed his probable cause affidavit and arrest warrant does not constitute a showing of actual prejudice or bias which justifies a reversal.

Appellant contends he was denied a fair trial due to the fact that his case was not considered by a grand jury. He believes an examination by a neutral and detached body is a prerequisite for due process un-

der the Constitution. He declares that Ind. Code § 35–34–1–1 is unconstitutional because it allows the prosecution of citizens by information.

 The federal constitutional provision requiring grand juries is not applicable to the states and the states may initiate criminal prosecutions by information. *Hurtado v. California* (1884), 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232; *Beighler v. State* (1985), Ind., 481 N.E.2d 78. Therefore, Ind. Code § 35–34–1–1, which allows for prosecution by indictment or information, is not unconstitutional.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.