Quentin WALLACE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9904–CR–278.

Court of Appeals of Indiana.

Feb. 1, 2000.

---

Timothy J. O'Connor, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge.

Quentin Wallace appeals his convictions for criminal recklessness,[1] conspiracy to commit criminal recklessness,[2] and carry-

1. IND.CODE § 35–42–2–2 (Supp.1997).

2. IND.CODE § 35–41–5–2 (1993); IC 35–42–2–2.

ing a handgun without a license.[3] Wallace raises three issues on appeal, which we restate as:

I.  Whether the evidence is sufficient to support his conviction for criminal recklessness.

II. Whether the evidence is sufficient to support his conviction for conspiracy to commit criminal recklessness.

III. Whether the evidence is sufficient to support his conviction for carrying a handgun without a license.

We affirm.

The evidence most favorable to the judgment reveals that shots were fired from a passing car into a home. A witness in the home identified the car from which the shots were fired as a black 1985 Oldsmobile with a gray cloth top. An off-duty police officer was in the vicinity and heard the gunshots. He drove toward the scene and met a car matching the eyewitness' description traveling away from the scene with its lights off. The officer stopped the car. Wallace was in the back seat of the car and the officer observed Wallace passing something to another back seat passenger. The officer then saw that passenger open his door and throw some objects out of the car. Four firearms were later recovered near the car. A firearms examiner tested the casings from the crime scene and determined that they came from two of the guns recovered near the car. Wallace was convicted following a bench trial; this appeal ensued.

## I.

### Criminal Recklessness

■ Wallace contends that the evidence is insufficient to support his conviction for criminal recklessness. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817

(Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the judgment. *Id.* The conviction will be affirmed if evidence of probative value exists from which a fact-finder could find the defendant guilty beyond a reasonable doubt. *Id.*

■ In order to convict Wallace of criminal recklessness, the State is required to prove that he (1) recklessly or knowingly, (2) performed an act creating a substantial risk of bodily injury, (3) to another person, (4) by shooting a firearm from a vehicle into an inhabited dwelling. IC 35–42–2–2(b)(1)(3). Wallace argues that the State's evidence is insufficient to prove that he was present at the time of the shooting, or that he fired shots into the dwelling. However, the evidence leads to the reasonable inference that Wallace was a passenger in a car from which shots were fired. An eyewitness in the home testified to the type of car the shots were fired from, and Wallace was a passenger in the same type of car, stopped as it was speeding away from the scene. Further, the officer who stopped the car witnessed Wallace passing something across the back seat to another passenger. The officer saw that passenger throw objects out of the car, and four firearms were found on the ground near the vehicle. Two of those weapons were found to have fired casings found at the scene of the shooting. This evidence is sufficient to support Wallace's conviction for criminal recklessness.

## II.

### Conspiracy

Wallace contends that the State presented insufficient evidence to support his conviction for conspiracy to commit criminal recklessness. Our standard of review for a claim of insufficiency of the evidence to support a conviction for conspiracy is the same as that set forth above. We will not

---

**3.** IND.CODE § 35–47–2–1 (1993).

reweigh the evidence or judge the credibility of the witnesses, and we look only to the evidence most favorable to the judgment. *Jordan,* 656 N.E.2d at 817.

■ In order to convict Wallace of conspiracy to commit criminal recklessness, the State is required to prove that Wallace, (1) with the intent to commit criminal recklessness, (2) agreed with others to commit criminal recklessness, and that (3) Wallace or the other persons performed an overt act in furtherance of the agreement. IC 35–41–5–2; IC 35–42–2–2. The State is not required to prove the existence of a formal express agreement. *Wright v. State,* 690 N.E.2d 1098, 1107 (Ind.1997). The agreement can be inferred from circumstantial evidence, including overt acts of the parties in furtherance of the criminal act. *Chambers v. State,* 526 N.E.2d 1176, 1178 (Ind.1988).

■ Wallace contends that the State's evidence is insufficient to prove that he agreed with others to commit criminal recklessness. However, the evidence revealed that Wallace was a passenger in the gray Oldsmobile that was stopped near the scene of the crime. The eyewitness testified that he saw that same Oldsmobile pass the home shortly before the shooting took place, that the car was moving slowly and the passengers were staring toward the home. The car then drove by the home again and shots were fired. This evidence supports the inference that the passengers in the car had agreed to carry out the shooting and were surveying the target prior to committing the act. Although circumstantial, we hold that it is sufficient evidence from which the trial court could infer that Wallace agreed to commit criminal recklessness.

### III.

*Carrying a Handgun without a License*

Wallace contends that the evidence is insufficient to support his conviction of carrying a handgun without a license. We will not reweigh the evidence or judge witness credibility, and we look only to the evidence most favorable to the judgment. *Jordan,* 656 N.E.2d at 817. In order to convict Wallace of carrying a handgun without a license, the State must prove that he (1) carried a handgun, (2) in a vehicle or on or about his person, (3) in a place other than his dwelling, property or fixed place of business. IC 35–47–2–1.

■ Wallace argues that the State's evidence did not show that he carried a handgun in the vehicle. Carrying a handgun can be shown by either actual or constructive possession. *Henderson v. State,* 715 N.E.2d 833, 835 (Ind.1999). Actual possession occurs when a person has direct physical control over an item. Constructive possession occurs when somebody has the intent and capability to maintain dominion and control over the item. *Id.* Proof of dominion and control of contraband has been found through a variety of means, including attempted flight or furtive gestures and proximity of the contraband to the defendant. *Id.* at 836. Too, constructive possession may be inferred when circumstantial evidence points to the defendant's knowledge of the presence of a weapon, even if his control is not exclusive. *State v. Hill,* 688 N.E.2d 1280, 1283 (Ind. Ct.App.1997), *trans. denied.*

■ Here, Wallace was in the back seat of the car from which shots had been fired at the home. When the car was stopped, the officer noticed Wallace handing something to another back seat passenger. That passenger then opened the door and threw several objects out of the car. Police later found four firearms near the car. This evidence supports the inference that, at the time the car was stopped, Wallace had the intent and capability to maintain control over any or all of the guns that had been thrown from the car. There is sufficient evidence to support Wallace's conviction for carrying a handgun without a license.

Affirmed.

BAKER, J., concurs.

SULLIVAN, J., concurs in result in part and dissents in part with opinion.

SULLIVAN, Judge, concurring in result in part and dissenting in part

I concur with respect to Issue II, the Conspiracy conviction. I also concur with respect to Issue I, but not upon the basis used by the majority to affirm the conviction for Criminal Recklessness. The majority rationale is that there is sufficient circumstantial evidence from which the trial court could have reasonably concluded that Wallace himself fired shots into the house. I do not believe such inference is reasonable.

There were four occupants in the vehicle, one of whom fled, when Officer Smith stopped the car. Four firearms, including a shotgun, were found near the car. Only two of the three handguns were connected with shell casings found at the scene of the shooting, although casings from the shotgun in question were also found at the scene. Wallace was not tied to any particular weapon of the four, although it is reasonable to infer that he was in possession of one of the guns. In my view, it is impossible to conclude that Wallace fired the firearm in his possession into the house.

Be that as it may, although charged as a principal, it was appropriate to convict Wallace as an accomplice. *Wright v. State* (1997) Ind., 690 N.E.2d 1098, *reh'g denied.* For such a conviction it is not necessary that the defendant himself committed each element of the crime. *Id.* Such was the evidence in the case before us. For this reason I concur in the affirmance of the conviction for Criminal Recklessness.

The facts recited above, however, lead to my dissent as to the Carrying a Handgun Without a License. The facts are not inconsistent with Wallace's possession of the shotgun rather than one of the three handguns. There is no evidence to connect him to one of the handguns other than his presence in the vehicle. I respectfully disagree that it is permissible to conclude that all four occupants of the vehicle were in constructive possession of each of the four weapons.

I would vacate the conviction for Carrying a Handgun Without a License and would affirm the convictions for Conspiracy and Criminal Recklessness.