**Leslie Dale COSBY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 12A05–0003–CR–110.**

Court of Appeals of Indiana.

Nov. 27, 2000.

Leslie Dale Cosby, Linden, IN, Appellant, Pro Se.

Karen Freeman–Wilson, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BARNES, Judge

### Case Summary

Leslie Dale Cosby appeals his conviction for driving without having ever received a valid driver's license, a class C misdemeanor. We affirm.

### Issues

Cosby has presented us with a number of issues for review. We restate them as two general issues:

I. whether his state constitutional right to free exercise of religion was infringed because he was driving to his place of worship at the time he was pulled over by the Indiana State Police.

II. whether the trial court committed several procedural irregularities.

### Facts

On Sunday, June 27, 1999, Indiana State Police Officer Richard Kelly observed a vehicle driving in excess of the speed limit on State Road 28 in Clinton County. After Kelly stopped the vehicle, Cosby identified himself as the driver. Kelly ascertained that Cosby had never received a driver's license and wrote a ticket charging that he had committed the offense of driving a vehicle without having ever received a license.

At Cosby's first initial hearing in this matter following the filing of the State's information, he filed a "Demand for a Bill of Particulars" directed to the prosecutor and a document entitled "Notice of Venue" addressed to Officer Kelly. Record pp. 14, 20. At this initial hearing, Cosby repeatedly insisted that he did not understand what he was being charged with, although the information clearly alleged that he operated a motor vehicle on State Road 28 in Clinton County on June 27, 1999, never having received a valid driver's license.[1] After the trial court ascertained that Cosby could read and write the En-

---

1. *See* Ind.Code § 9–24–18–1.

glish language and that he was attending college, and after numerous failed attempts to persuade Cosby to state that he understood the plain language of the information, the trial court held Cosby in direct contempt for disrupting its proceedings and ordered him jailed for thirty days.[2] During this colloquy, Cosby also demanded that the trial court permit his father to represent him as his "counsel," although the father was not a licensed attorney. The trial court refused this request. After Cosby served six days of his contempt sentence, the trial court held another initial hearing, at which Cosby admitted that he understood the language of the information, as well as his constitutional rights and the minimum and maximum sentences he faced. The contempt sentence was reduced to time served. Following a bench trial, at which Cosby continued to represent himself, the trial court found Cosby guilty of operating a vehicle never having received a driver's license. This appeal ensued.

## Analysis

### I. Free Exercise of Religion

The main thrust of Cosby's appeal is that he was driving to church with his mother and father at the time Officer Kelly pulled him over, and, therefore, that his conviction for operating a vehicle without having ever received a license violates his "God-given right to travel, or his God-given right to worship." Appellant's Brief p. 6. Initially, we note that Cosby has cited us to Article I, Section 3 of the Indiana Constitution of 1816 in support of his argument on this point. However, the Indiana Constitution of 1851 long ago superseded the 1816 Constitution. Article I, Sections 2 through 5 of the 1851 Constitution essentially repeat Article I, Section 3 of the 1816 Constitution, with the exception that Article I, Section 3 of the 1851 Constitution differs slightly when it states that "No law shall, in any case whatever, control the free exercise and enjoyment of religious opinions, or interfere with the rights of conscience." Ironically, this provision most closely aligns with Cosby's free exercise claims.

■ It is true that the Indiana Constitution may demand more protection for citizens than its federal counterpart. *Ajabu v. State*, 693 N.E.2d 921, 929 (Ind.1998). However, Cosby provides us with no argument that Indiana's protections for the free exercise of religion differ in any respect from the similar protections found in the First Amendment to the United States Constitution, and we will not construct such an argument for him. Therefore, because our research has revealed a dearth of cases squarely interpreting the free exercise guarantees of the Indiana Constitution, we will turn for guidance to decisions of the United States Supreme Court regarding free exercise under the First Amendment.

■ "A law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531, 113 S.Ct. 2217, 2226, 124 L.Ed.2d 472 (1993). The right of free exercise of religion does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes). *Employment Div., Dept. of Human Resources of Oregon v. Smith*, 494 U.S. 872, 879, 110 S.Ct. 1595, 1600, 108 L.Ed.2d 876 (1990). If the object of a law is to infringe upon or restrict practices because of their religious motivation, the law is not neutral. *Church of the Lukumi Babalu Aye, Inc.*, 508 U.S. at 533, 113 S.Ct. at 2227. "The defect of lack of general applicability applies primarily to those laws which, though neutral in their terms, through their design, construction, or enforcement target the practices of a particular religion for

---

**2.** Cosby does not appeal his contempt conviction.

discriminatory treatment." *Id.* at 557, 113 S.Ct. at 2239 (Scalia, J., concurring).

The law requiring those who wish to drive motor vehicles on public highways to obtain licenses is a neutral law of general applicability. There is no indication that this law was enacted with the object of restraining persons from traveling to their chosen place of worship. Rather, the statutory scheme governing the use of motor vehicles conditions the use of a driver's license on the observation of certain rules and operating standards for general reasons of public safety. *Schrefler v. State,* 660 N.E.2d 585, 588 (Ind.Ct.App.1996). Additionally, we see no evidence that our state police and other law enforcement bodies have set out to enforce this law only against Christians driving to church. In essence, Cosby wishes to be able to use roads constructed and maintained by the government to expedite travel to his place of worship, without having to comply with the minimal assurances for the safety of himself, his passengers, and other members of the public who use those roads by obtaining a driver's license. We cannot permit this, and we hold that Cosby's right to the free exercise of religion as protected by the Indiana Constitution has not been infringed by his conviction.[3]

## II. Procedural Issues

Cosby also makes a number of procedural claims in challenging his conviction, none of which are persuasive. First, he claims that he was deprived of his right to counsel because the trial court would not permit his father, a pastor, to represent him. However, it is undisputed that Cosby's father was not a licensed attorney, and it is well settled that there is no constitutional right to lay assistance or lay counsel at either trial or appeal. *Kimble v. State,* 451 N.E.2d 302, 307 (Ind.1983).

*See also Turner v. American Bar Ass'n,* 407 F.Supp. 451, 481 (N.D.Tex.1975), *aff'd. by Taylor v. Montgomery,* 539 F.2d 715 (7th Cir.1976) (holding that freedom of religion was not infringed by refusing to permit defendants to be represented by unlicensed laymen).

Cosby next claims that "there was no presentment, Indictment or impeachment presented in the instant matter" and that this failure violated Article I, Section 12 of the 1816 Constitution. Appellant's Brief p. 19. Once again, however, the 1851 Constitution controls here. Article I, Section 13(a) of the 1851 Constitution provides, with respect to initiating criminal prosecutions, that an accused has the right "to demand the nature and cause of the accusation against him, and to have a copy thereof...." The information filed in this matter plainly fulfilled this requirement. *See Beverly v. State,* 543 N.E.2d 1111, 1116 (Ind.1989) (holding that states may initiate criminal prosecutions by information and that Indiana Code Section 35–34–1–1, which allows for prosecution by information, is not unconstitutional).

Nevertheless, Cosby claimed at the trial court level and continues to claim on appeal that he was "denied the opportunity ... to discover the nature and cause of the accusations against him." Appellant's Brief p. 19. However, Cosby admitted at his second initial hearing that he understood the offense charged in the information. His argument on this point is apparently related to the "Demand for Bill of Particulars" and "Notice of Venue" he filed at the first initial hearing, which seem to have been attempts to attack the trial court's assertion of personal jurisdiction over him. Cosby, though, never filed a motion to dismiss the information for any alleged jurisdictional impediment to his conviction as permitted by Indiana Code Section 35–34–1–4(a)(10). This failure to

---

**3.** On a related note, Cosby's "God-given right to travel" is not infringed by a driver's license requirement, because neither our supreme court nor the United States Supreme Court has ever held that there exists a fundamental right to drive a motor vehicle. *Mitchell v. State,* 659 N.E.2d 112, 116 (Ind.1995).

challenge the sufficiency of the information via a motion to dismiss waives any argument Cosby may have had with respect to personal jurisdiction. *Lawrence v. State,* 665 N.E.2d 589, 592 (Ind.Ct.App.1996), *trans. denied. See also Twyman v. State,* 459 N.E.2d 705, 707 (Ind.1984) ("Objections to jurisdiction of the person may be waived by failure to assert them in a timely manner"). Moreover, Cosby's "Demand for Bill of Particulars" and "Notice of Venue" were not sufficient to constitute a challenge to the information for purposes of waiver. *See Driver v. State,* 725 N.E.2d 465, 468 (Ind.Ct.App.2000) (stating that a "Motion to Challenge the Truth and Veracity of Probable Cause Information" filed before initial hearing was not a sufficient challenge to the information but merely notice that argument would be made at a future date).

We find that any additional arguments Cosby makes, based for example on his status as "a Christian in the legal sense of the term" (Appellant's Brief p. 12) or his concern that affirmance of his conviction "will further saddle Indiana with the racism, tyranny and violence of the 14th Amendment" (Appellant's Brief p. 22), lack cogency and are inappropriate in this forum. We need not address them further.

### Conclusion

Because Indiana's law requiring the use of a driver's license to drive a vehicle on public roads is a neutral law of general applicability, we find no constitutional infirmity in Cosby's conviction based on the fact that he happened to be driving to church at the time he was stopped by Officer Kelly. Additionally, Cosby's arguments as to procedural irregularities are without merit.

Affirmed.

BAILEY and RILEY, JJ., concur.