Robert SEEL, Appellant–Defendant,

v.

STATE of Indiana and the Indiana State Police, Appellee–Plaintiff.

No. 49A02–0001–CV–33.

Court of Appeals of Indiana.

Nov. 28, 2000.

Rehearing Denied Feb. 5, 2001.

Stephen Gerald Gray, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Defendant Robert Seel ("Seel") was charged by the State of Indiana ("State") with Possession of Marijuana, a class A misdemeanor.[1] In connection with this case, the State filed a separate complaint for forfeiture. The State dismissed the marijuana charge after the trial court granted Seel's Motion to Dismiss. Nevertheless, the civil court, in which the forfeiture action was heard, ordered the destruction of several guns that were recovered as part of Seel's arrest. We reverse and remand with instructions.

### Issue

Seel raises one issue on appeal, which we restate as follows:

Whether the State satisfied the requisite burden of proof for a forfeiture.

### Facts and Procedural History

On February 3, 1998, police officers arrested Seel and seized four handguns and an assault rifle found inside a vehicle located in a storage facility rented by Seel and his mother. Police officers also seized $1,425.00 in currency, a holster, a scale, a safe, and five firearms, all of which were found in Seel's residence. One of the shotguns found in Seel's residence was reported stolen, and thereafter returned to its rightful owner. Seel was charged with Possession of Marijuana on March 27, 1998.

On July 29, 1998, while Seel's possession of marijuana charge was pending in a Marion county criminal courtroom, the State filed a complaint for forfeiture in a Marion county civil courtroom. The State included the following firearms in its civil complaint for forfeiture:

---

1. *See* IND.CODE § 35–48–4–11.

**Found at Residence:**
a.  Remington 870 shotgun
b.  Mossburg 20 gauge shotgun
c.  Marlin .22 caliber rifle
d.  Colt 380 handgun

**Found at Storage Facility ("U–Store–It")**
a.  Smith & Wesson .357 revolver
b.  H & K .40 caliber handgun
c.  Colt automatic handgun
d.  Taurus .357 revolver
e.  Arsenal SLR–95AK rifle[2]

However, the criminal court subsequently suppressed all evidence found in Seel's home and in the storage facility, as the result of an invalid search warrant, and dismissed the Possession of Marijuana charge. Thereafter, the civil court conducted a hearing on the State's complaint for forfeiture.

At the forfeiture hearing, the deputy prosecutor indicated that Seel's property would be returned, except for the firearms. The State asserted that Seel did not have a permit to carry a handgun, and Seel did not contest this point. The trial court then heard argument from the parties regarding whether a person is required to have a license to own guns that are kept at a storage facility. Specifically, the trial court stated:

> My only question is … if you need a license to possess [the subject guns] [and] if that extends to … a storage facility.

(R. 55.) No evidence was presented at the hearing, and the parties were requested to submit briefs on the issue raised by the court.

On September 27, 1999, the civil court granted in part and denied in part Seel's Motion to Dismiss. Specifically, the court ordered the return of the currency, holster, scale, safe, and the four firearms that were found at Seel's house, but ordered the four handguns and the assault rifle found in the storage facility destroyed.

Seel was granted a stay of destruction of the weapons pending this appeal.

**Discussion and Decision**

Seel contends that the State improperly refused to return firearms that were confiscated as part of his arrest for Possession of Marijuana. Specifically, Seel argues that those guns retrieved from a rented storage facility were in his legal possession, and not *carried* in violation of Indiana Code Section 35–47–2–1. We agree.

■ The issue presented herein is a question of law. Appellate courts evaluate questions of law *de novo* and owe no deference to a trial court's determination of such questions. *See Anthem Ins. Companies v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1237 (Ind.2000). Therefore, we address the legal question of whether Seel carried the subject guns in violation of Indiana Code section 35–47–2–1.

*Carrying a Handgun Without a License & Disposition of Property Held as Evidence*

■ In order to convict Seel of carrying a handgun without a license, the State must prove that he (1) carried a handgun, (2) in a vehicle or on or about his person, (3) in a place other his dwelling, property or fixed place of business. *See* IND.CODE § 35–47–2–1. Actual possession occurs when a defendant has direct physical control over an item. *Wallace v. State*, 722 N.E.2d 910, 913 (Ind.Ct.App.2000). Constructive possession occurs when somebody has the intent and capability to maintain dominion and control over the item. *Id.* Constructive possession may be inferred when circumstantial evidence points to the defendant's knowledge of the presence of a weapon, even if his control is not exclusive. *Id.*

The return of a defendant's property at the conclusion of a criminal proceeding is governed by Indiana Code section 35–33–

---

**2.** The State conceded that these were not ille-  gal firearms.

5–5. This statute provides in pertinent part as follows:

(a) All items of property seized by any law enforcement agency as a result of an arrest, search warrant, or warrantless search, shall be securely held by the law enforcement agency under the order of the court trying the cause....

(c) Following the final disposition of the cause at trial level or any other final disposition:

(1) Property which may be lawfully possessed shall be returned to its rightful owner, if known.

Accordingly, at the close of Seel's forfeiture proceeding, he was entitled to the return of those guns that could be lawfully possessed. IND.CODE § 35–33–5–5(c)(1).

### Analysis

■ The parties agree that Seel maintained the subject weapons at a rented storage facility and Seel does not contend to have a license to carry them. However, Indiana Code section 35–47–2–1 does not speak in general terms of *possessing* a handgun, but rather, it speaks specifically of *carrying* a handgun. The proscribed conduct is carrying a handgun in a vehicle or carrying a handgun on or about one's person. Thus, in this case, we need not focus on the distinction between actual and constructive possession, as the State did not present *any* evidence; be it on possession or otherwise. *See Walker v. State*, 631 N.E.2d 1, 2 (Ind.Ct.App.1994.) (holding that "a discussion of actual versus constructive possession is of no help ... because the statute here [Indiana Code section 35–47–2–1] does not speak in terms of possessing a handgun. Rather, it speaks in terms of *carrying* a handgun.") (Emphasis in original.) The undisputed fact that the weapons were found in a vehicle in Seel's rented storage facility is, as a matter of law, insufficient to support the inference that defendant at one time carried or will carry the weapons on his person or in a vehicle. *See id.* Therefore, we find Indiana Code section 35–47–2–1 to be inapplicable to those handguns that were found in Seel's storage facility and reiterate the clear language of the statute; "[a] person shall not *carry* a handgun ... on or about his person, except ... on his property ... without a license." (Emphasis added.)

■ The State also contends that the court cannot return a firearm to someone who is not legally able to possess it, based in part on 18 U.S.C Section 921–922 which makes it illegal to return firearms to persons who are reasonably known to be unlawful users of a controlled substance, and Indiana Code section 35–47–3–4 which makes it illegal to return firearms to a person no longer able to possess them. First, as to the State's argument that Seel is a drug abuser, and cannot legally possess the weapons, Indiana Code Section 35–47–1–4 defines a "drug abuser" as an individual who has had more than two violations of Indiana Code sections 35–48–1 through 4, any one of which resulted in conviction. Again, the State's failure to introduce *any* evidence precludes us from determining whether these criteria were met. Moreover, the trial court seemingly dismissed all concern about returning firearms to the petitioner regarding his status as a "drug abuser," when it returned to Seel the guns found at his residence, including a handgun.

### Conclusion

This case is a civil forfeiture proceeding. After the companion criminal case for misdemeanor possession of marijuana was dropped, the State sought forfeiture of Seel's property, including five firearms found at a rented storage facility. The trial court ordered these guns destroyed and defendant appealed this order. The State argues that the weapons cannot be returned to Seel based on the fact that he has no handgun permit. This claim for forfeiture is without merit, as Seel's possession of handguns found in a rented storage facility was not a violation of Indiana Code section 35–47–2–1. Accord-

ingly, Seel's property must be returned to him at once.

Reversed.

RILEY and BARNES, JJ., concur.