Aaron SCRUGGS, et al., Appellants–
Plaintiffs,

v.

ALLEN COUNTY/CITY OF FORT
WAYNE, et al.  Appellees–
Defendants.

No. 46A03–0410–CV–484.

Court of Appeals of Indiana.

June 28, 2005.

Aaron B. Scruggs, Westville, pro se.

Stephen R. Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, for Appellees.

## OPINION

HOFFMAN, Senior Judge.

On June 29, 2004, Plaintiffs–Appellants Aaron Scruggs, James Underwood, and Wendell Boddie (collectively "Scruggs") filed a complaint in LaPorte Circuit Court alleging that they were being incarcerated in violation of the Indiana constitution. The trial court dismissed their complaint pursuant to Ind. Trial Rule 12(b)(6). Scruggs appeals the dismissal of his complaint.

Scruggs claims that the trial court erred by dismissing his complaint because Defendants–Appellees the State of Indiana, the Department of Correction, Edwin Buss, Superintendent of the Department of Correction, Allen County, and the City of Fort Wayne, Indiana, are liable under the Indiana Tort Claims Act for violating his constitutional rights. More specifically, Scruggs claims that Ind.Code § 35–34–1–1 et seq. violates Art. I, § 23 of the Indiana constitution because it allows some people to be charged with felonies by way of an information, while others are indicted by a grand jury. Scruggs contends that all citizens should be allowed to have potential felony charges against them reviewed by a grand jury. He argues that because he was convicted as a result of charges initiated by information rather than indictment, he is being falsely imprisoned and is entitled to tort claim relief for the denial of his right to equal privileges. Therefore, he concludes that the trial court erred by dismissing his complaint.

Scruggs was charged with Class C felony battery, Class D felony resisting law enforcement, Class A misdemeanor resisting law enforcement, and Class A misdemeanor criminal conversion on October 25, 2002. Scruggs was convicted as charged. Underwood was charged by information with Class C felony battery on January 21, 1987. Underwood was convicted as charged. Boddie was charged by information with Class A felony dealing in cocaine or narcotic drug, and as a habitual offender on March 15, 2001. Boddie was convicted as charged. Scruggs and Underwood remain incarcerated.

Allen County filed its motion to dismiss on August 8, 2004, while the State of Indiana, the Department of Correction and Edwin Buss filed their motion to dismiss on August 25, 2004. The trial court dismissed the complaint against the State of Indiana, the Department of Correction, and Edwin Buss on September 15, 2004. The trial court dismissed the complaint against Allen County on October 13, 2004.

■ In reviewing a motion to dismiss pursuant to a Ind. Trial Rule 12(b)(6) motion, our standard of review is well settled. A Trial Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. *Gorski v. DRR, Inc.,* 801 N.E.2d 642, 644 (Ind.Ct.App.2003).

■ Therefore, we view the complaint in the light most favorable to the non-moving party, drawing every reasonable inference in favor of this party. *Id.* The trial court's grant of a motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.* at 644–645. Furthermore, in determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Id.* at 645.

■ Our supreme court has held that Ind.Code § 35–34–1–1 is constitutional. *See Beverly v. State,* 543 N.E.2d 1111 (Ind. 1989). In *Beverly,* our supreme court held that the federal constitutional provision requiring grand juries is not applicable to the states and the states may initiate criminal prosecutions by information. 543 N.E.2d at 1116 (citing *Hurtado v. California,* (1884), 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232; *Bieghler v. State,* 481 N.E.2d 78 (Ind.1985)). Therefore, the procedure by which Scruggs was charged has been deemed constitutional. Lack of review of charges by a grand jury does not show purposeful discrimination for purposes of establishing an equal privileges claim. *See Townsend v. State,* 533 N.E.2d 1215, 1221–22 (Ind.1989).

■ The Department of Correction and Edwin Buss, Superintendent of the Department of Correction, are immune from the suit brought by Scruggs. A federal district court applying Indiana law held that when carrying out a direct order of a court, the sheriff and warden enjoy the immunity afforded the committing judge. *See Zuranski v. Anderson,* 582 F.Supp. 101, 108–109 (N.D.Ind.1984). To require the sheriff or warden to investigate and to independently determine if the sentence was legally imposed would be absurd. *Id.* The Indiana Tort Claims Act did not abolish judicial immunity for actions taken in the exercise of a judicial function. *Grant County Commissioners v. Cotton,* 677 N.E.2d 1103, 1105 (Ind.Ct.App. 1997). Here, Edwin Buss and the Department of Correction were carrying out the trial judge's order committing Scruggs to a period of incarceration. Scruggs does not allege that there is a facial defect in the court's order.

■ Furthermore, Scruggs is not entitled to damages from any of the remaining Appellees for false imprisonment. Scruggs' conviction has not been overturned. The United States Supreme Court decided a case brought under 42 U.S.C. § 1983 holding as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey,* 512 U.S. 477, 486–487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)(internal citations omitted). The same rule obtains here.

The trial court did not err by dismissing Scruggs' complaint for failing to state a claim upon which relief can be granted.

Affirmed.

VAIDIK, J., concurs.

SULLIVAN, J., concurring with separate opinion.

SULLIVAN, Judge, concurring.

Scruggs' appeal from his convictions is based upon the assertion that insofar as I.C. § 35–34–1–1 permits a prosecution to be brought by information rather than by a grand jury indictment, it is unconstitutional. I do not necessarily disagree with the grounds upon which the majority affirms the trial court's dismissal of the Scruggs complaint. However, I believe there are two more clear cut reasons to do so.

First and foremost, our Supreme Court has specifically held that I.C. § 35–34–1–1 allowing prosecution by information is constitutional. *Beverly v. State*, 543 N.E.2d 1111 (Ind.1989).

Secondly, I.C. § 35–34–1–4 provides for dismissal of an information upon a Motion to Dismiss filed by a defendant. It appears that prior to the various convictions being attacked in the civil complaint under review here, none of the defendants challenged the constitutionality of I.C. § 35–34–1–1 by Motion to Dismiss the informations or in any other procedural manner. Such failure constitutes a waiver of the claim of unconstitutionality of a prosecution by information. *See Allen v. State*, 798 N.E.2d 490 (Ind.Ct.App.2003); *Cosby v. State*, 738 N.E.2d 709 (Ind.Ct.App.2000); *Driver v. State*, 725 N.E.2d 465 (Ind.Ct. App.2000).

Subject to these observations, I concur.