## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 09 2018, 10:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. O'Connor
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Troy Briscoe, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 9, 2018 <br><br> Court of Appeals Case No. 49A02-1709-CR-2050 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Alicia Gooden, Judge <br><br> Trial Court Cause No. 49G21-1603-F2-11126 |

**Baker, Judge.**

[1] Troy Briscoe appeals his conviction for Level 5 Felony Carrying a Handgun Without a License.[1] He argues that the evidence is insufficient to support his conviction. Finding the evidence sufficient, we affirm.

## Facts

[2] On March 19, 2016, Lawrence Police Lieutenant Scott Evans responded to a reported disturbance at a motel. When he arrived, the motel manager, Chad York, stated that he needed assistance evicting people from a room at the back of the motel. Lieutenant Evans drove to the back of the motel and, while he was waiting on backup, York knocked on the door.

[3] Briscoe partially opened the door and began arguing with York. Hearing the argument, Lieutenant Evans approached the room. When the lieutenant reached the door, he could see about half of Briscoe's body, but not his left arm. Lieutenant Evans yelled at Briscoe and, after Briscoe saw the lieutenant, he made a quick, jerking motion and hit something against the door or adjacent wall, causing a loud bang. Lieutenant Evans ordered Briscoe to step back and then entered the room.

[4] Briscoe and two women were the only people in the room. Briscoe was "very nervous, very fidgety," and told Lieutenant Evans that he was leaving, but Lieutenant Evans instructed him to stay where he was. Tr. Vol. II p. 72. When

---

[1] Ind. Code § 35-47-2-1.

backup arrived, Briscoe was arrested on an outstanding warrant. The police searched the room and found a .380 semi-automatic handgun directly behind the door—where Lieutenant Evans had heard the bang—on top of a man's jacket in a bucket of laundry. Police also found twenty-three grams of heroin next to the gun and a scale and baggies in the kitchenette. Subsequent investigation revealed that Briscoe did not have a license to carry a firearm and that there was male DNA on the gun, though there was an insufficient amount to determine whose DNA it was.

[5]     On March 23, 2016, the State charged Briscoe with one count of Level 2 felony dealing in a narcotic drug, two counts of Level 3 felony possession of a narcotic drug, and one count of Class A misdemeanor carrying a handgun without a license. Following Briscoe's June 27, 2017, jury trial, the jury found him guilty of carrying a handgun without a license and not guilty of dealing in a narcotic drug, and was unable to return a verdict on the remaining charges. Following his conviction, Briscoe stipulated that he had been convicted of a felony within fifteen years of the date of the offense; consequently, on July 12, 2017, the trial court found Briscoe guilty of Level 5 felony carrying a handgun without a license. On August 11, 2017, the trial court sentenced Briscoe to five years with three years executed in the Department of Correction, one year executed with Community Corrections, and one year suspended to probation. Briscoe now appeals.

## Discussion and Decision

[6] Briscoe's sole contention on appeal is that the evidence is insufficient to support his conviction; specifically, he argues that the State failed to demonstrate that he possessed the gun. When reviewing challenges to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010). Instead, we consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

[7] To convict Briscoe of Level 5 felony carrying a handgun without a license, the State must prove, among other things, that he had actual or constructive possession of the gun. *Wallace v. State*, 722 N.E.2d 910, 913 (Ind. Ct. App. 2000). Actual possession occurs when a person has direct physical control over an item. *Id.* Constructive possession is shown by the intent and capability to maintain dominion and control over an item. *Id.* Knowledge is a key element in proving intent and where, as here, a person's control over the premises where the contraband is found is nonexclusive, additional factors may be considered to infer intent and capability to establish dominion and control. *Henderson v. State*, 715 N.E.2d 833, 835-36 (Ind. 1999); *see also Hardister v. State*, 849 N.E.2d 563, 574 (Ind. 2006) (listing "attempted flight," "furtive gestures," "proximity

of the defendant to the [contraband]," and whether the contraband is in plain view as possible considerations).

[8]     With respect to actual possession, the evidence establishes that, when Briscoe saw Lieutenant Evans, he made a quick, jerking motion that was immediately followed by a bang, and Lieutenant Evans testified that the gun was found "exactly where I heard that hit, I mean exactly." Tr. Vol. II p. 75. Additionally, Briscoe was the only man in the room and DNA evidence revealed a man's DNA on the gun. A reasonable factfinder could have inferred from the circumstances that Briscoe was holding the gun and that the loud bang was a result of his attempt to discard it. In other words, the evidence is sufficient to support a conclusion that Briscoe actually possessed the gun.

[9]     Further, there is sufficient evidence for a reasonable juror to find constructive possession. When Briscoe saw Lieutenant Evans, he made a quick, jerking motion that was immediately followed by a bang. Briscoe was visibly nervous and uneasy and the gun was found near to where Briscoe had been standing. In light of Briscoe's behavior[2] and his proximity to the gun when he opened the door, a reasonable factfinder could infer that he knew about the gun and that he had an intent and capability to establish dominion and control over it.

---

[2] Briscoe offers several alternative interpretations to explain his behavior; however, these are veiled requests to reweigh the evidence—requests we decline.

[10] In sum, there is sufficient evidence to support the finding that Briscoe possessed the gun, regardless of the theory of possession. Likewise, there is sufficient evidence to support his conviction for Level 5 felony carrying a handgun without a license.

[11] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.