PARSLEY ET AL. *v.* KOCH ET AL.

[No. 19,042. Filed October 15, 1959. Rehearing denied November 24, 1959. Transfer denied January 19, 1960.]

*John F. Watkins,* of Indianapolis, and *Ging & Free,* of Greenfield, for appellants.

*John H. Baldwin,* of Indianapolis, and *Richard T. Lineback,* of Greenfield, for appellees.

COOPER, J.—This is an appeal by the appellants, defendants below, from a judgment of the Hancock Cir-

cuit Court. The cause of action was for specific performance and damages arising out of the failure of the appellant, Floyd Parsley, to fulfill the terms of a contract he made with the appellees to build a home in the city of Indianapolis.

The complaint was in four paragraphs and charged that the house was built 15.7 feet over and upon an adjacent lot; that it was constructed unlawfully and contrary to the zoning law; poor workmanship; failure to complete the contract on time; failure to finish and complete the contract; negligence; willful recklessness; fraud in obtaining by false and untrue statements large payments from appellees, and that appellant, Della Parsley, ratified the acts of Floyd Parsley and that she was a constructive trustee with him. The issues were closed under the rules. The trial resulted in a judgment for Seven Thousand, Five Hundred ($7,500.00) Dollars against the appellants and further ordered the transfer of certain real estate to the appellees.

The appellants in this appeal attempt to question the action of the trial court in overruling their separate demurrers to the complaint and question the sufficiency of the evidence.

At the outset, we are confronted with the contention of the appellees concerning the failure of the appellants to follow Rule 2-17 of the Supreme Court, which we have many times stated has the force and effect of law. Many authorities on this point can be found in Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, and West's Indiana Law Encyclopedia.

This court always seeks, whenever possible, to determine cases upon their merits, particularly where there

is a good-faith effort made to comply with the rules. We must conclude, however in the instant case, that the appellants' brief does not properly present any question for review.

The appellants in their brief fail wholly to show that the demurrers were duly filed or that they were overruled by the trial court, nor is it shown that any memorandum was filed with said demurrers.

In the cause now before us, the argument portion of the appellants' brief fails, in all respects, to comply with Rule 2-17 (e) of the Supreme Court, which provides, in part:

". . . there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the *authorities* and *statutes* relied upon, and *setting out verbatim* the relevant parts of such statutes as are deemed to have an important bearing." (My emphasis.)

In the briefs before us, the appellants have cited but three cases in support of the entire argument portion in their brief. That part of the argument portion of the brief, to which the appellants cite authorities, reads as follows:

"As applied to specification No. 1 of the Motion for a New Trial, to wit: 'The decision is not sustained by sufficient evidence.' It is respectfully submitted that there is no evidence whatsoever that could by any stretch of the imagination be deemed sufficient to sustain a finding by the Court against appellant, Della Parsley, and the motion for a new trial should have been sustained. Standard Oil Co. vs. Soderling, 42 Northeastern 2nd, 373, 112 Indiana Appellant 473. Crossley vs. O'Brien, 24 Indiana 325, 87 Am. Dec. 329."

What this court recently stated in the case of *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, 159 N. E. 2d 134, at 139, 140, is apropos to the appellants' brief in the matter now before us wherein Judge Kelley, speaking for the court, stated:

"It is clear that appellant's 'Amended Argument' wholly fails to meet the requirements of Rule 2-17 (e). Our Supreme Court has recently said that certain designated grounds of error in that case 'are not supported by any *cogent* argument or citation of authorities. It is encumbent upon appellant on appeal, whether the cause be civil or criminal, to *affirmatively* show *harmful error* by argument and citation of authorities. Rule 2-17 (e). Errors assigned and causes for new trial not so treated are deemed to be waived. Rule 2-17 (f).' (Our emphasis.) *Wright* v. *State of Indiana*, (1958), 237 Ind. 593, 595, 147 N. E. 2d 551, 552. See also *Poore* v. *Poore,* (1955), 125 Ind. App. 392, 394, 125 N. E. 2d 810. Appellant's argument in this case does not 'affirmatively' show harmful error but simply casts before this court certain general contentions and abstract and incomplete legal pronouncements, with the apparent expectation that the court will rummage through the evidence and the decree of the trial court in quest of a suggested ground or reason for reversal of that court's determination of the action. We, of course, cannot assume the burden undertaken by and which rests upon the appellant.

"The argument portion of an appellant's brief must do more than set out appellant's unapplied statements, ideas or suggestions that the trial court has erred in certain mentioned respects. With the privilege of grouping, as provided for in said Rule 2-17 (e), the argument should first direct the attention of the appellate tribunal to the particular assigned error, or to the particular specification in the motion for a new trial, as the case may be, upon which the appellant relies and intends to urge as an error warranting a reversal of the judgment appealed from. This should then be followed by a concise statement of

the basis of objection to the complained of ruling, together with an exhibition of all pertinent points of fact and law sought to be presented and how they are applicable to the matter or particular error being discussed. Pertinent statutes, and authorities which support the points and contentions made, should be cited and, where deemed distinctively in point or particularly appropriate, as analogous reasoning, quoted from."

Both the Supreme Court and our court have held that if no authorities are cited in support of the contention of error, the question is waived and certainly ■ applies to the remainder of the appellants' brief as not one single authority or its application is found in support of the alleged errors.

This court recently stated in the case of *Harrell* v. *Harrell* (1957), 127 Ind. App. 443, at 445, 142 N. E. 2d 644, that:

"Rule 2-17 (e) of the Supreme Court has been in force and effect for the past several years. The rule is well settled that where an appellant ■ has not substantially complied with such rule, the appellee need not supply the omissions, but may rely on the court to enforce the rule. *Snow* v. *State* (1954), 234 Ind. 234, 236, 125 N. E. 2d 802, and cases cited therein.

"Where, as in the case at bar, the appellant's brief does not comply with Rule 2-17 (e), the penalty is an affirmance of the judgment rather ■ than a dismissal of the appeal. *Peltz* v. *State* (1953), 232 Ind. 518, 112 N. E. 2d 853; *Witte* v. *Witte* (1953), 123 Ind. App. 644, 113 N. E. 2d 166; *Public Service Commission* v. *Indiana Bell Tel. Co.* (1952), 232 Ind. 332, 108 N. E. 2d 889; *Mendenhall* v. *Mendenhall* (1955), 125 Ind. App. 519, 124 N. E. 2d 873."

For the reasons given herein, we must conclude there has been no good-faith effort to comply with Rule 2-17 (e) of the Supreme Court.

245

The judgment of the Hancock Circuit Court is, in all things, affirmed.

NOTE.—Reported in 161 N. E. 2d 613. Transfer denied, Arterburn, C. J., Jackson, J., dissenting.