ATTORNEYS FOR APPELLANT ATTORNEYS FOR APPELLEE
    

Susan K. Carpenter Jeffrey A. Modisett

Public Defender of Indiana Attorney General of Indiana

Lorraine L. Rodts Carol A. Nemeth

Deputy Public Defender Deputy Attorney General

Indianapolis, Indiana Indianapolis, Indiana

_________________________________________________________________ 
 

 

IN THE

SUPREME COURT OF INDIANA

 

CHARLES COOPER,

Appellant (Defendant),

v.

STATE OF INDIANA,

Appellee (Plaintiff).

)

)

)

)

)

)

)

)

)

)

)

84S00-9610-CR-648

_________________________________________________________________

APPEAL FROM THE VIGO SUPERIOR COURT, DIV. III

The Honorable Dexter L. Bolin, Judge

Cause No. 84D03-9506-CF-230

_________________________________________________________________

Shepard, Chief Justice. 

Charles Cooper was charged with one count of Murder, 
Ind. Code
 Ann. § 35-42-1-1(1) (West Supp. 1997).  The jury found Cooper guilty of Murder, and the trial judge sentenced him to a term of sixty years.  Cooper appeals his conviction and sentence.  We affirm.  

Facts

On the night of April 20, 1995, Cooper, along with James McBride, Sean Dixon, Mike D'Angelo and Lance Debouse, went to a party at a hotel in Terre Haute.  Afterwards, they drove around in McBride's mother's car.  They stopped at Cooper's residence, where he showed them a revolver that belonged to his brother.  When the group returned to the car, Cooper brought the revolver.  

 As they drove around further, the five men discussed gangs and their respective affiliations.  They also talked about doing a "drive-by" directed at a member of a rival gang, meaning they would shoot at that person's house from the car.      

Some time during the night, the group stopped at a grocery store, where Cooper purchased cigarettes and a potato.  There had been talk among the group about a movie in which a gang member placed a potato on the end of a gun to silence a shot.    

    

Cynthia City finished her shift at the Great Dane trailer plant in Brazil at 1:30 on the morning of April 21, 1995.  While driving home, her car broke down.  She began walking home.  The group saw City along the side of the road, and stopped to give her a ride.  She got into the front seat of the car between Cooper and McBride.  McBride stopped the car and all five men got out to urinate.  City stayed in the car.  Cooper returned to the passenger side of the car.  With the potato on the end of the gun, he put the gun to City's head and shot her.    

Appellant pulled City's body from the car and dragged it into the brush.  He removed a wallet from her pocket that contained more than $500.00.  He divided the money among the group.  The five men returned to Cooper's residence, where he burned the wallet.  Later that day, they all went shopping and bought matching outfits and shoes with the money taken from City's wallet.  Cooper pawned the murder weapon to a neighbor.      

Issues

Cooper presents the following issues on appeal:  (1) whether five alleged errors made by counsel at trial deprived him of his Sixth Amendment right to effective assistance of counsel; and (2) whether the trial court properly imposed the maximum sentence for murder.  

I.  Effective Assistance of Trial Counsel

We evaluate claims concerning denial of the Sixth Amendment right to effective assistance of counsel using the two-part test articulated in 
Strickland v. Washington
, 466 U.S. 668 (1984).  
Yerden v. State
, 682 N.E.2d 1283, 1286 (Ind. 1997).  To prevail, a convict must show that his attorney's performance fell below an objective standard of reasonableness, 
see
 
Strickland
, 466 U.S. at 687-91, and that the deficiencies in the attorney's performance were prejudicial to the defense.  
See
 
id.
 at 691-96.  Prejudice exists when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result of the proceeding fundamentally unfair or unreliable.  
Lockhart v. Fretwell
, 506 U.S. 364, 372 (1993). 

Cooper asserts trial counsel was ineffective in five separate respects: (1) by failing to object to the admission of evidence of his character, including evidence of his gang affiliation and prior uncharged crimes, (2) by failing to request a limiting instruction related to evidence of his drug use after the crime, (3) by failing to object to victim character evidence, (4) by eliciting evidence of Cooper's prior crimes from his own witness, and (5) by eliciting evidence that Cooper was a high school drop out and recipient of social security disability benefits.  

Cooper contends the cumulative effect of the alleged errors, considered with additional prejudice allegedly resulting from an incident where the jury viewed him in restraints,
(footnote: 1) rendered the result of the proceeding fundamentally unfair or unreliable.  
See
 
Smith v. State
, 547 N.E.2d 817, 819-20 (Ind. 1990).    

We need not determine whether counsel's performance was deficient before examining the prejudice suffered as a result of the alleged deficiencies.  
See
 
Strickland
, 466 U.S. at 697. Accordingly, we proceed to evaluate whether the alleged trial errors rendered the result of appellant's trial fundamentally unfair or unreliable.  When making this evaluation, we consider the totality of the evidence, taking due account of the effect of the alleged errors.  
Id.
 at 695-96. 

A review of the record as a whole shows that the witnesses present at the scene testified with general consistency that Cooper brought the gun into the car, Cooper bought the potato to use as a silencer, Cooper was standing closest to the car, and had the gun in his hand immediately after the shot was heard.  He dragged the body from the car and hid it in the brush, took control over the 

proceeds of the crime and divided them among the group, and burned the victim's wallet.   

Sean Dixon testified he saw Cooper place the potato on the end of the gun and shoot the victim from the passenger side of the car.  (R. at 884-85). 

Lance Debouse testified Cooper told him he shot the victim because he had the urge to do it, (R. at 726), and to prove himself to the group. (R. at 725). 

A Vigo County Deputy Sheriff testified that he overheard Cooper brag to other county jail inmates that he shot a woman and that his friends "ratted him out."  (R. at 1014). 

  

In light of this overwhelming evidence of guilt, we cannot say that counsel's alleged failings, even when viewed cumulatively, rendered the result of the trial fundamentally unfair or unreliable.  Thus, Cooper's claim that he was denied effective assistance of counsel must fail.

II. Sentencing

Cooper argues the trial court's sentencing statement does not support imposition of the maximum sentence for murder.  He also asks the court to review and revise the sentence.
(footnote: 2)

A
.
 Sentencing Statement
.  When a trial court enhances a presumptive sentence, it must state its reasons for doing so.  
Morgan v. State
, 675 N.E.2d 1067, 1073 (Ind. 1996).  The court must identify all significant aggravating and mitigating factors, state why each is considered aggravating or mitigating, and articulate the balancing process by which the court determined that the aggravating factors outweighed the mitigating factors.  
Id.
  "These requirements serve the dual purpose of guarding against arbitrary sentences and providing an adequate basis for appellate review."  
Id.
 at 1074. 

             

Cooper first claims the sentencing statement is not adequate to permit appellate review because the trial court failed to identify the aggravating circumstances and explain why those circumstances supported enhancing the sentence to the maximum term of years.   

The trial court found Cooper's prior criminal record, which included a conviction for battery and for carrying a handgun without a license, to be an aggravating factor.

And, although not explicitly identified as such, it is apparent from the sentencing statement that the court considered the nature and circumstances of the crime to be an aggravating factor.  The trial court stated that the crime was gang-related, that Cooper had been driving around with a gun looking for a target to shoot, that the victim was an innocent target of opportunity, and that Cooper looted the victim's body and ceremonially burned her wallet.  The particular manner in which a crime is committed may serve as an aggravating factor.              

It is also evident from the sentencing statement that the trial court considered Cooper's character to be an aggravating factor.  The court stated that Cooper had a dangerous mind set that confuses fear and respect, that he believes violence and raw force command respect.  (R. at 196).  A defendant's character is a required consideration in the sentencing determination, 
Ind. Code
 § 35-38-1-7.1(a)(3)(B) (West Supp. 1997), and may be considered an aggravating factor.  
See
 
Wray v. State
, 547 N.E.2d 1062, 1068 (Ind. 1989).

Thus, the trial court identified significant aggravating factors on the record that justify imposition of an enhanced sentence.  

Appellant next argues that the sentencing statement is inadequate because it does not show that the trial court undertook to balance any mitigating factors against the aggravating factors.  Specifically, he claims the trial court should have found his young age at the time of the crime (twenty-two years), his criminal record (containing only misdemeanor offenses), and the nature and circumstances of the crime (the victim died instantly without prolonged suffering or infliction of pain) to be mitigating factors.  

   

A description of significant mitigating circumstances must be set forth on the record if the trial court reduces the presumptive sentence or uses mitigating circumstances to offset aggravating circumstances.  
Widener v. State
, 659 N.E.2d 529, 533 (Ind. 1995).  Otherwise, while a trial court may not ignore facts in the record that would mitigate an offense, 
id.
 at 534, it need not explain why it found a particular circumstance insufficiently mitigating, 
id.
  at 533.  A finding of mitigating circumstances is within the trial court's discretion.  
Id.

It is clear from the sentencing statement that the trial court considered Cooper's criminal record and the nature and circumstances of the crime to be aggravating, not mitigating factors.  As discussed above, we find these to be appropriate aggravating factors.  And, the trial court apparently did not find Cooper's age to be sufficiently mitigating to offset these aggravating factors.  The trial court was not required to state on the record the reasons why it found this factor to be insufficiently mitigating.  
Id.
 

Cooper next argues the sentence is improper because the trial court considered facts that are not supported by the record.  The trial court stated the "crime was gang-related, a crime about going out and stealing a gun which the Defendant admitted taking, and driving about hunting someone to shoot by doing a drive-by."  (R. at 196).  Appellant says there was no evidence to support the conclusion that the gun was stolen.  He further contends the trial court wrongly implied that the group acted as a gang in obtaining the gun and in carrying out the murder.  

The record shows the group went to Cooper's residence where he obtained a gun belonging to his brother, that he took the gun with him that night, and that the brother did not discover the gun was missing until alerted by police.  It is fairly inferred from these facts that Cooper took the gun without first getting his brother's permission.  

The trial court also specifically attributed the taking of the gun to Cooper, not the group. (R. at 196).  This is supported by the record.

    Further, the phrase "gang-related" refers to the nature and circumstances of the crime and reflects the fact that before the shooting took place, members of the group expressed a desire to direct a drive-by shooting at the house of a rival gang member. Thus, use of the phrase "gang-related" is supported by the record and does not compel the allegedly unsupported inference that the entire gang is responsible for shooting Cynthia City.           

B. Request to Revise
.
  Finally, appellant asks us to exercise our constitutional power to review and revise his sentence.  
Ind. Const
. art. VII, § 4.  We will not revise a sentence authorized by statute unless it is manifestly unreasonable in light of the nature of the offense and the character of the offender.  Ind.Appellate Rule 17(B); 
Fointno v. State
, 487 N.E.2d 140 (Ind. 1986).  Sentencing decisions are otherwise left to the sound discretion of the trial court.  
Sims v. State
, 585 N.E.2d 271 (Ind. 1992). 

Appellant argues the sentence is excessive because the others who were at the scene of the crime and who allegedly share some responsibility for City's death have gone uncharged and unpunished.  However, the fact that alleged accomplices remain uncharged does not render the imposition of an enhanced sentence manifestly unreasonable.  
Cf.
 
Johnson v. State
, No. 45S00-9610-CR-656, ___ N.E.2d ___ (Ind. Oct. 29, 1997) (imposition of two consecutive, enhanced sentences for murder not manifestly unreasonable despite fact that an alleged accomplice had not been charged).      

Accordingly, we do not find the sentence to be manifestly unreasonable, and we decline to revise it.     

 

Conclusion

We affirm the trial court.    

Dickson, Sullivan, Selby, and Boehm, JJ., concur.

FOOTNOTES
1: 
The record contains no actual evidence that the jury saw Cooper's leg chain, only a request by counsel that his client be moved to and from the jail outside the jury's presence so they would not see it. Cooper is not entitled to reversal on this ground absent a showing of actual harm.  
Underwood v. State
, 535 N.E.2d 507 (Ind. 1989).  Reasonable jurors can expect to see a defendant in restraints while in transit.  
Id.
     

2: 
On April 21, 1995, when Cooper committed the crime, there were two murder sentencing statutes in effect.  Both contained a maximum sentence for murder of sixty years, but the presumptive sentences for murder were different.  We described the details of this situation in 
Smith v. State
, 675 N.E.2d 693 (Ind. 1996), and concluded that to properly sentence under these circumstances, the trial court should have used the lesser presumptive sentence of forty years.  Although not clear from the sentencing statement, the trial court here may have applied the greater presumptive sentence of fifty years.  (R. at 240-41).  Cooper does not raise this issue on appeal, and we conclude it to be immaterial because the trial court clearly intended to impose the maximum sentence.  (R. at 196).  
Birdsong v. State
, 685 N.E.2d 42, 47 n.2 (Ind. 1997).