Ted **DRIVER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 34A02–9907–CR–509.**

Court of Appeals of Indiana.

March 17, 2000.

Matthew J. Elkin, Kokomo, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge

### STATEMENT OF THE CASE

Defendant–Appellant Ted Driver ("Defendant") appeals after a jury trial from his conviction of receiving stolen property, a Class D felony. Ind.Code § 35–43–4–2(b).

We affirm.

### ISSUES

Defendant raises several issues for our review which we restate as follows:

I.  Whether the trial court possessed subject matter jurisdiction over Defendant.

II.  Whether Defendant received effective assistance of trial counsel.

III.  Whether the trial court erred by failing to discharge him pursuant to Ind.Crim. Rule 4(B).

IV.  Whether the evidence was sufficient to sustain Defendant's conviction of receiving stolen property.

V.  Whether the trial court was required to hold a hearing on Defendant's *pro se* motions when he was represented by counsel.

VI.  Whether the trial court erred by failing to hold a hearing when revoking Defendant's bond for failure to appear for his trial date.

### FACTS

On November 28, 1998, Officer Jeff McKay saw a 1984 Mercury pull out of a driveway. Defendant was the driver of the vehicle and Richard Turner was in the passenger seat. McKay noticed that Defendant was not wearing a seat belt and that the car had no license plate light. McKay made a traffic stop of the vehicle based upon the infraction.

As McKay approached the vehicle, Defendant pulled the vehicle forward approximately fifteen feet. McKay observed Turner moving his hands under the car's seat as if attempting to hide something. The car continued to roll as McKay made this observation. McKay approached the passenger side of the vehicle and observed Turner with his hands under the seat, shoving bags of marijuana underneath the seat. McKay placed Turner in custody as Defendant shut off the vehicle.

McKay questioned Defendant. Defendant first indicated that the vehicle belonged to Turner, but then changed his story after failing to produce documentation of the car's ownership. Defendant stated that the car was his and he was in the process of selling it to Turner. He stated that Turner owed him approximately $300.00 more for the vehicle. Defendant then stated that he did not own the marijuana McKay found.

Defendant said that he had received the license plate on the vehicle from a person named Matt. However, Defendant could not give McKay any other information about Matt. A license plate number check with the BMV revealed that the license plate was registered to a Chevy Cavalier station wagon owned by Chad Walker. Walker's car had been wrecked and was towed to Wilkerson's body shop, where it remained on November 28, 1998. Walker had not given anyone permission to remove the license plate from his car.

Additional facts will be supplied below.

## I. SUBJECT MATTER JURISDICTION

On December 1, 1998, the State of Indiana filed three counts against Defendant. An habitual offender charge was filed and subsequently dismissed by the State. On June 15, 1999, the State filed Amended Counts I, II, and III against Defendant. The amendments changed the date of the offense from November 29, 1998, to November 28, 1998, and alleged that the marijuana weighed thirty grams instead of ninety grams. The notarization on both the original and amended Count III against Defendant was dated November 1, 1998.

Defendant alleges that the trial court lacked jurisdiction over Defendant because the original and amended Count III purport to have been notarized twenty-seven days prior to the commission of the charged offense.

■ The State argues that Defendant waived any challenge to the information's form because Defendant failed to make a similar challenge below. Further, the State argues that even if Defendant's motion can be construed as a challenge to the form of the information, the prosecutor's verification makes the information effective. Finally, the State argues that if the information is defective, the trial court properly exercised jurisdiction over Defendant because the type of error alleged is not the type held to deprive the trial court of jurisdiction over Defendant.

Defendant filed a pleading entitled "Motion to Challenge the Truth and Veracity of Probable Cause Information" on the day before his initial hearing. This motion informed the trial court that Defendant would be making his challenge to the information at his initial hearing, or at some other hearing deemed appropriate by the trial court. Defendant did not present any argument on this point until his sentencing hearing.

Indiana Code § 35–34–1–4(b) provides that a defendant may challenge an infor-

mation on the basis of a defect in that information, as long as the motion challenging the information is filed no later than twenty days prior to the omnibus date for defendants charged with felonies. The statute further provides that if the motion to dismiss contemplated by the statute is filed after the twenty day period, the motion may be summarily denied if it is based upon an alleged defect.

In the present case, Defendant filed a pleading prior to his initial hearing alleging that he was going to raise the defect in the information argument at his initial hearing. However, Defendant failed to make an argument along those lines until his counsel did so at Defendant's sentencing hearing. Defendant attempts to avoid the waiver argument by contending now that the pleading he filed is an actual challenge of the probable cause affidavit and the information. However, we agree with the State that the pleading Defendant relies upon on appeal is more of a notice that the argument would be made at a future date.

■ Technically speaking, Defendant did not file a motion to dismiss due to a defect in the form of the information within the time limits of the statute. However, we always seek, whenever possible, to determine cases upon the merits. *See Parsley v. Koch,* 130 Ind.App. 239, 241–42, 161 N.E.2d 613, 614 (1959). We do so here.

■ Defendant argues that the trial court did not have subject matter jurisdiction over him because the information filed against him was defective. He argues that since the prosecutor did not allege the complaint under penalty of perjury, a notarization was required. He claims the notarization on the complaint in question is dated several weeks prior to the alleged occurrence of the events in question. Therefore, he argues the information is defective, thereby depriving the trial court of subject matter jurisdiction.

Indiana Code § 35–34–1–2(b) provides that "[a]n information shall be signed by

the prosecuting attorney or his deputy and sworn to or affirmed by him or any other person." In the present case the prosecutor's signature is accompanied by the statement "Comes now the undersigned Affiant, Mark A. McCann, Chief Deputy Prosecuting Attorney of the 62nd Judicial Circuit, who being duly sworn upon his oath deposes and says...." (R. 12). The language used in the information in the present case appears to satisfy the statutory requirements, and the incorrect date appears to be a scrivener's error.

Further, our supreme court has held that an information should not be dismissed due to a minor defect in form. *See Powers v. State*, 499 N.E.2d 192, 195 (Ind. 1986). Even if the verification language used above were not sufficient, the error in the notarization is a minor defect in form.

Moreover, our supreme court, in *Brown v. State*, 219 Ind. 251, 37 N.E.2d 73, 77 (Ind.1941), held that subject matter jurisdiction is granted to the trial court only by the constitution or by a valid statute. The court went on to state that subject matter jurisdiction is not dependent upon the existence of a good cause of action or the sufficiency of the bill or complaint. *Id.* Therefore, because the trial court possessed general subject matter jurisdiction over criminal offenses, and Defendant was charged with a criminal offense, the trial court properly exercised subject matter jurisdiction over Defendant.

## II. EFFECTIVE ASSISTANCE OF TRIAL COUNSEL

■ Defendant contends that he received ineffective assistance of trial counsel because she failed to call any witnesses on his behalf. Defendant claims that he informed his attorney of the names of potential witnesses to call at trial and that she had listed the names of potential witnesses in a witness and exhibit list filed prior to trial. The State contends that the decision to call witnesses is a strategic one and that Defendant received effective assistance of trial counsel.

■ Claims involving an allegation of the denial of the Sixth Amendment right to effective assistance of counsel are evaluated by using the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Cooper v. State*, 687 N.E.2d 350, 353 (Ind. 1997). Appellant must show that his attorney's performance fell below an objective standard of reasonableness and that the deficiencies in his attorney's performance were prejudicial to the defense in order to prevail on this claim. *Id.* Prejudice exists when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result of the proceeding fundamentally unfair or unreliable. *Id.*

■ Counsel is presumed to render effective assistance and strong and convincing evidence must be offered to overcome this presumption. *Gibson v. State*, 709 N.E.2d 11, 13 (Ind.Ct.App.1999). Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience, do not necessarily amount to ineffective counsel unless, taken as a whole, the defense was inadequate. *Id.*

■ The law is well-settled that a decision regarding what witnesses to call is a matter of trial strategy that an appellate court will not second-guess. *Brown v. State*, 691 N.E.2d 438, 447 (Ind.1998). Deliberate choices by attorneys for some tactical or strategic reason do not establish ineffective assistance of counsel even though such choices may be subject to criticism or the choices ultimately prove detrimental to the defendant. *Luster v. State*, 578 N.E.2d 740, 746 (Ind.Ct.App. 1991).

Defendant refers to the potential testimony of witnesses whose names were included on a witness and exhibit list. Defendant claims that his trial counsel should have called these witnesses on his behalf at trial. However, under the standard of review mentioned above, we will not second-

guess his trial counsel's decision. Whether to call those witnesses was a strategic decision. Further, Defendant has failed to establish how the failure to call those witnesses was unreasonable and how the failure to call those witnesses rendered the outcome of the proceedings fundamentally unfair or unreliable.

## III. INDIANA CRIMINAL RULE 4(B)

■ Next, Defendant claims that the trial court committed reversible error by failing to dismiss the matter against him pursuant to Ind.Crim. Rule 4(B).

On December 7, 1998, Defendant filed a speedy trial request with the trial court. Defendant was admitted to bail on December 16, 1998. Defendant failed to appear for his scheduled trial on February 16, 1999. Defendant was arrested on April 1, 1999, pursuant to a warrant issued by the trial court for Defendant's failure to appear. The trial court set the matter for jury trial on June 15, 1999. During a pre-trial hearing held on June 1, 1999, Defendant objected to all proceedings based upon Crim. R. 4(B).

Crim. R. 4(B) provides in relevant part as follows:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar....

We have held that a Defendant who has been released on bond within the seventy day period, loses the benefit of Crim. R. 4(B) because he is not being held in jail on an indictment or an affidavit. *See Dubinion v. State*, 600 N.E.2d 136, 138 (Ind.Ct. App.1992). Further, we have held that once a defendant takes an action which is inconsistent with his request for a speedy trial, he is required to file a new motion for speedy trial when he is reincarcerated. *Id.*

In the present case, Defendant did not file a motion for speedy trial after he was incarcerated. He did make an oral motion at a pre-trial hearing; however, the rules contemplate the calculation of time based upon the filing of the motion. *See* Crim. R. 4(B)(2). Therefore, the trial court did not err by failing to discharge Defendant because he was not brought to trial within the seventy day period.

Moreover, Defendant did not object to the June 15, 1999, trial date setting when the trial court scheduled that setting. Therefore, it could be argued that Defendant abandoned his oral request at that time. Nevertheless, the trial court did not err.

## IV. SUFFICIENCY OF THE EVIDENCE

■ Defendant argues that the evidence against him was insufficient to sustain his conviction of receiving stolen property. He seems to claim that there was insufficient evidence of his knowledge that the license plate was stolen. The State contends that the evidence was sufficient to support the jury's inference that Defendant knew the license plate was in fact stolen.

■ Our supreme court has held that possession of recently stolen property, when joined with attempts at concealment, evasive or false statements, or an unusual manner of acquisition is sufficient to support a conviction for receiving stolen property. *See Gibson v. State*, 643 N.E.2d 885, 888 (Ind.1994). The test of knowledge is not whether a reasonable person would have known that the property had been the subject of theft but, whether, from the circumstances surrounding his possession of the property, a defendant knew that it had been the subject of theft. *Id.* A jury may infer a defendant's knowledge that property has been stolen from his posses-

sion together with lying about his means of acquiring the property. *Id.*

In the present case, when the vehicle was stopped by McKay, Defendant was driving the vehicle. The stolen license plate was affixed to the vehicle. Defendant was evasive about his ownership of the vehicle, first stating that the vehicle was Turner's, then admitting that the car was his. Defendant originally claimed that he received the license plate from a person named "Matt". However, Defendant was unable to give McKay Matt's last name or any other details about Matt. Walker, the owner of the vehicle from which the license plate was stolen, testified that the plate had been on his vehicle until November 28, 1998. He did not give anyone permission to take the plate. Further, the plate was on Defendant's vehicle when McKay stopped him on November 28, 1998.

Reasonable minds could infer from the evidence that Defendant knew the license plate was in fact stolen. The evidence from which the jury could infer knowledge that the license plate was stolen was sufficient.

## V. *PRO SE* PLEADINGS

▮ Defendant was represented by counsel at the time of his trial. However, Defendant filed numerous *pro se* pleadings. Defendant alleges that the trial court denied him due process by failing to require that the clerk file some of his *pro se* pleadings and by failing to hold a hearing on his *pro se* pleadings.

▮ Our supreme court has held that it is within the trial court's discretion to accept and respond to *pro se* motions filed by a defendant who is represented by counsel. *See Lock v. State,* 273 Ind. 315, 403 N.E.2d 1360, 1364–65 (1980). When a defendant files a *pro se* motion, the trial court is justified in striking it in favor of counsel's chosen course of action. *See*

1. Defendant has provided his counsel with two cases he believes are persuasive on this issue, *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1968) and *United States*

*Vance v. State,* 620 N.E.2d 687, 689 (Ind. 1993). Apparently, Defendant wished to have the benefit of counsel, but proceed on some matters by himself. Whether to allow this hybrid form of representation is within the trial court's discretion. *See Lock,* 403 N.E.2d at 1364–65.

Defendant did not indicate to the trial court that he wished to proceed *pro se.* The trial court, without objection by Defendant, appointed new counsel for Defendant when his first counsel withdrew. Therefore, Defendant consented to representation by counsel, thus allocating to his counsel the power to make binding decisions of trial strategy. *See Broome v. State,* 687 N.E.2d 590, 596 (Ind.Ct.App. 1997).

The trial court did not err.

## VI. BOND HEARING

▮ Defendant, who was free on bond pending his trial, did not appear for a hearing in this matter on February 10, 1999, and for his February 16, 1999 trial date. One of the conditions of his bond was that he appear for all scheduled court dates. The trial court issued a warrant for his arrest. Police took Defendant into custody on the warrant on April 1, 1999. Defendant's trial date was re-set for June 15, 1999.

Defendant alleges when his bond was revoked and he was taken into custody, he did not have a hearing regarding this matter before the trial court. Defendant alleges that due process entitled him to such a hearing. He claims that he was denied his liberty without due process.[1] Specifically, Defendant contends that the trial court should have made a special finding regarding his failure to appear.

Ind.Code § 35–33–8–7 and Ind.Code § 35–33–8–8 provide the procedures the trial court must follow when a defendant

*v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). After reviewing those cases, however, we are unconvinced that they are applicable to Defendant's claim.

violates a condition of his bail by failing to appear. The trial court is required to issue an arrest warrant under this circumstance. Although Ind.Code § 35-33-8-7 does allow for proceedings concerning the bond, the statute does not require the trial court to hold a bond hearing before forfeiting the bond.

Further, Defendant received the opportunity to be heard before the trial court on the issue of his failure to appear. The record reflects that on June 1, 1999, Defendant's pre-trial hearing was held wherein a motion to suppress and a motion for reinstatement of bond were considered by the trial court. Defendant testified regarding his failure to appear; however, the trial court was not persuaded by Defendant's testimony. The trial court did not err.

## CONCLUSION

The trial court properly exercised subject matter jurisdiction over Defendant. Defendant received effective assistance of trial counsel. Further, the trial court did not err by failing to discharge Defendant pursuant to Ind.Crim. Rule 4(B). The evidence was sufficient to sustain Defendant's conviction of receiving stolen property. The trial court was not required to hold a hearing on Defendant's *pro se* motions when he was represented by counsel. Finally, the trial court was not required to hold a hearing when revoking Defendant's bond for failure to appear for court dates.

BAKER, J., and KIRSCH, J., concur.