Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOSEPH ROTHELL,                                     )
                                                    )
    Appellant-Defendant,                        )
                                                    )
        vs.                                 )     No. 48A02-1303-CR-225
                                                    )
STATE OF INDIANA,                                   )
                                                    )
    Appellee-Plaintiff.                         )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-1012-FC-761

**December 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Joseph Rothell appeals the revocation of his probation and the imposition of a portion of his previously suspended sentence.

We affirm.

## ISSUES

Rothell presents two issues for our review, which we restate as:

I.      Whether there was sufficient evidence to prove Rothell violated his probation.

II.     Whether the trial court abused its discretion in ordering Rothell to serve the bulk of his previously suspended sentence.

## FACTS AND PROCEDURAL HISTORY

On May 23, 2011, Rothell pleaded guilty to two counts of forgery, both Class C felonies.  On June 20, 2011, he was sentenced to concurrent terms of six years with all but sixty-six days suspended to probation.  The trial court also ordered Rothell to serve his first year of probation on in-home detention.

On January 14, 2013, the State filed a notice of violation of probation.  The trial court held a hearing on the alleged violations and found that Rothell had violated his probation.  The trial court then revoked Rothell's probation, ordered him to serve four years of his previously suspended sentence, and terminated his probation.  It is from the trial court's revocation of his probation and imposition of a portion of his suspended sentence that Rothell now appeals.

## DISCUSSION AND DECISION

### I. SUFFICIENCY OF THE EVIDENCE

Rothell first contends that the State failed to present evidence sufficient to support the revocation of his probation. Specifically, he asserts that the State failed to prove that he committed additional criminal offenses as alleged in its notice of violation of probation.

A revocation hearing is in the nature of a civil proceeding, and the State must prove an alleged violation only by a preponderance of the evidence. Ind. Code § 35-38-2-3(f) (2012); *Kincaid v. State*, 736 N.E.2d 1257, 1259 (Ind. Ct. App. 2000). As with other sufficiency questions, we neither reweigh the evidence nor judge the credibility of witnesses when reviewing a probation revocation. *Baxter v. State*, 774 N.E.2d 1037, 1044 (Ind. Ct. App. 2002), *trans. denied*. We look only to the evidence that supports the judgment and any reasonable inferences flowing therefrom. If there is substantial evidence of probative value to support the trial court's determination that the probationer committed a violation, revocation of probation is appropriate. *Id*. The decision to revoke a defendant's probation is a matter within the sound discretion of the trial court. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). Thus, on appeal, we review the trial court's decision for an abuse of that discretion. *Id*.

Here, the trial court found that Rothell had violated his probation by committing additional criminal offenses, specifically the offenses of receiving stolen property and forgery. Rothell claims that the State failed to prove that he knew the property had been stolen and that he had the intent to defraud.

The offense of receiving stolen property is defined as knowingly or intentionally receiving, retaining, or disposing of the property of another person that has been the

subject of theft. *See* Ind. Code § 35-43-4-2(b) (2009). To sustain a conviction for receiving stolen property, the State must show that the defendant had knowledge of the stolen nature of the property. *Bennett v. State*, 787 N.E.2d 938, 946 (Ind. Ct. App. 2003), *trans. denied.* Knowledge that property is stolen may be inferred from the circumstances surrounding the possession. *Id.* Moreover, possession of recently stolen property when joined with an unusual manner of acquisition is sufficient to support a conviction for receiving stolen property. *Driver v. State*, 725 N.E.2d 465, 469 (Ind. Ct. App. 2000). The test for knowledge is not whether a reasonable person would have known that the property had been the subject of theft but, whether, from the circumstances surrounding his possession of the property, the defendant knew that it had been the subject of theft. *Id.*

The offense of forgery is committed when a person, with the intent to defraud, makes, utters, or possesses a written instrument in such a manner that it purports to have been made by another person. *See* Ind. Code § 35-43-5-2(b)(1) (2006). The intent to defraud may be proven by circumstantial evidence. *Williams v. State*, 892 N.E.2d 666, 671 (Ind. Ct. App. 2008), *trans. denied.* In addition, intent may be established by reasonable inferences based upon an examination of the surrounding circumstances, including the defendant's conduct and the natural consequences that might flow therefrom. *M.Q.M. v. State*, 840 N.E.2d 441, 446 (Ind. Ct. App. 2006).

The evidence at the hearing showed that David Lambert was a suspect in the burglary of the home of his grandparents, Raymond and Mary Smith. Among the items taken during the burglary were checks from a closed account belonging to the Smiths.

4

Rothell testified at the hearing that he had met Lambert several years prior and that, on this occasion, Lambert told Rothell he did not have his ID and needed Rothell's help cashing a check. Lambert then took Rothell to the bank, made the check out payable to Rothell for $980.00, and told Rothell that the Smiths were his grandparents. Rothell presented the check to the bank to be cashed but the bank declined to accept it. Rothell claims that he did not know the check was stolen and that he could not read the check due to his blindness.

Ryan Blackburn, also a grandson of the Smiths, testified that the signature on the check was not his grandfather's signature. He testified that his grandfather can "barely write" and that for the last two years, he has signed checks for his grandparents because he holds their power of attorney. Tr. p. 35. Blackburn testified that the signature on the check appeared to be the handwriting of Lambert, his cousin. He further testified that neither he nor his grandparents authorized any payment to Rothell and that he did not know Rothell.

The evidence supports the conclusion that Rothell knew the check was stolen and had the intent to defraud. The circumstances surrounding Rothell's possession of the check include his explanation that Lambert did not have his ID and needed Rothell to cash the check for him. Lambert took Rothell to the bank, and it was not until they were at the bank that the check amount and the payee were filled in on the check. At the hearing, Rothell relied on his impaired sight to claim that he did not know from whom the check originated and the amount for which it was written.

5

In light of the circumstances surrounding Rothell's possession of the check, it seems clear he knew it had been the subject of a theft. The trial court clearly did not believe Rothell's version of the events, and this appeal is merely a request to reevaluate his credibility. This we cannot do. *See Baxter*, 774 N.E.2d at 1044. This evidence is sufficient to fulfill the State's burden to prove probation violations by a preponderance of the evidence.

## II. SANCTION

Rothell asserts that the trial court abused its discretion when, upon revoking his probation, it ordered him to serve four years of his previously suspended sentence. Pursuant to Indiana Code section 35-38-2-3(h), if the court finds a violation of a condition of probation, it may continue the person on probation, with or without modifying the conditions; extend the person's probationary period for not more than one year; and/or order execution of all or part of the sentence that was suspended at the time of initial sentencing. A trial court's sentencing decisions for probation violations are reviewed for an abuse of discretion. *Wilkerson v. State*, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

In his brief, Rothell argues that incarceration has had a significant impact on his family in that he has five children and his fiance has lost her job due to lack of childcare. We find noteworthy that at the time of this violation, the term of probation being served by Rothell was due to his convictions of two counts of Class C felony forgery.

6

Moreover, when Rothell committed those offenses of forgery, he was on probation in yet another cause.

The court considered all of these factors when it ordered Rothell to serve the bulk of his suspended sentence as a sanction for these violations. We are mindful that placement in a probation program is a matter of grace and a conditional liberty that is a favor, not a right. *Jenkins v. State*, 956 N.E.2d 146, 148 (Ind. Ct. App. 2011), *trans. denied*. Rothell's history is indicative of his unwillingness to change his behavior. In light of the current violations, their similarity to Rothell's prior convictions, and his history of probation violations, we cannot say that the trial court abused its discretion when it ordered him to serve four years of his previously suspended sentence.

<u>CONCLUSION</u>

For the reasons stated, we conclude that there was sufficient evidence to prove the probation violations by a preponderance of the evidence and that the trial court was within its discretion when it ordered Rothell to serve four years of his suspended sentence.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.